IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                         Case Nos.:    1:10cr5/MCR/GRJ
                                                1:12cv268/MCR/GRJ

RICHARD MITER

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (Doc. 140.) The Government has filed a response (Doc. 143) and Defendant filed a reply. (Doc. 144.) After a careful review of the record and the arguments presented, the Court concludes that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was the lone defendant charged in a one count indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and more than fifty grams of cocaine base. (Doc. 1.) The Government filed an Information and Notice of Intent to seek enhanced penalties based upon Defendant's prior felony drug convictions, and Defendant objected thereto. (Docs. 13, 22.) Attorney Jon Uman was appointed to represent Defendant, after Defendant had expressed a lack of confidence in his previous attorney, and Mr. Uman was later replaced by Aaron Baker of the same law firm. (Docs. 28, 49, 60.) Mr. Baker represented Defendant at a

brief jury trial, after which the jury found the Defendant guilty of conspiracy. (Doc. 84.) The jury specifically found that the offense conduct involved less than 5 kilograms but more than 500 grams of cocaine. The jury did not find that any cocaine base was involved in the offense conduct. (Doc. 84.) Defendant unsuccessfully moved for a new trial and for a judgment of acquittal. (Docs. 87, 88, 94, 102.) The PSR calculated Defendant's total offense level as 26 and his criminal history category as IV, which yielded an advisory guideline range of 92 to 115 months imprisonment. (Doc. 115 at ¶ 68.) Following a two-part sentencing proceeding on January 28, 2011, and April 29, 2011, the Court sentenced Defendant to the statutory mandatory minimum term of 120 months imprisonment. (Docs. 113, 130, 131.) Defendant appealed, arguing that a delay in sentencing caused him to suffer a violation of his speedy trial rights under the Sixth Amendment as well as his right to be promptly sentenced under Federal Rule of Criminal Procedure 32(b)(1). (Doc. 139.) The Eleventh Circuit found no prejudice and affirmed. (*Id*.).

Defendant timely filed the instant § 2255 motion raising a single ground for relief. He asserts that counsel was constitutionally ineffective for failing to file a motion to suppress, and that his sentence should be vacated. (Doc. 140 at 28.) The Government opposes the motion.

## LEGAL ANALYSIS

### *General Standard of Review*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A

prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  See 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

      The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or

supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998)*; McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See *Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to

prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States,* 708 F.3d 1225, 1228 (11th Cir. 2013).In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome,* 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466

U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable."  *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are

insufficient to satisfy the <u>Strickland</u> test. See *Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255(b); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled

to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief.  *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

### *Defendant's Fourth Amendment Claim*

Defendant claims that counsel was constitutionally ineffective because he failed to move to suppress drugs that were seized during a co-conspirator's arrest and that his decision to go to trial was based on counsel's alleged promise to file the motion.  (Doc. 140 at 4.)  In his memorandum Defendant expands this claim to also argue that counsel should have challenged alleged chain of custody violations, or filed a motion to suppress on that basis.

When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, to demonstrate actual prejudice the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006).  Regardless of whether a defendant's guilt is established by the excludable evidence, the proper question is whether the outcome of

the proceedings would have been different had the motion to suppress been filed and the evidence been excluded.  *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000); *Huynh v. King*, 95 F.3d 1052, 1058–59 (11th Cir. 1996); *Thomas v. Newsome*, 821 F.2d 1550, 1552 (11th Cir. 1987); *see also Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005).  In this case, co-conspirator Joyner's testimony alone conceivably could have supported a conviction.  But in any event, there was no basis for a meritorious Fourth Amendment claim.

Jeremiah Joyner testified at trial that on the day of his arrest, he was in possession of a kilogram plus 4.5 ounces of cocaine that were contained in his luggage.  Joyner testified that he had purchased the kilogram of cocaine from Coolie (Defendant Miter) and the 4.5 ounces came from another source.  (Doc. 126 at 43–44, 61–62.)[1]  At the time of his arrest Joyner said he was trying to "get everything situated and get out of sight" after learning that one of his co-defendants had been arrested. (*Id*. at 45–46.)  Joyner identified Government's exhibit 1 as a photo of the drugs seized from him at trial.  (*Id*. at 48–49.)  He explained that the two larger packages were two half kilogram quantities of cocaine that were vacuum sealed in "FoodSaver" bags. Joyner said that he received the cocaine in that condition, and that he had not opened the bags.  (*Id*. at 49, 74.)   He did not observe the packaging of the drugs, and Defendant was not present at the time of Joyner's arrest.

---

[1]On cross examination, defense counsel brought out that Joyner had previously told law enforcement that the kilogram of cocaine had also come from another source, an individual known as Haitian Frank. (Doc. 126 at 64–65.)  Joyner also conceded that Defendant Miter was not mentioned in the statement of facts in support of his plea agreement.  (*Id*. at 69.)

To the extent Defendant claims that counsel's failure to move to suppress the drugs seized from Joyner was constitutionally ineffective, his claim is without merit. A motion to suppress the drugs, even if based on the premise that law enforcement's search of Joyner's baggage was unlawful, would have failed because Defendant had no legitimate expectation of privacy in Joyner's luggage and, therefore, Defendant's Fourth Amendment rights were not violated. *See United States v. Padilla*, 508 U.S. 77, 81 (1993); *United States v. McKinnon*, 814 F.2d 1539 (11th Cir. 1987).

In his memorandum, Defendant's Fourth Amendment claim expands into a claim that the drug and fingerprint evidence should not have been admitted due to alleged irregularities in the chain of custody.  Peter Echevarria, senior forensic chemist at the DEA laboratory, testified about the analysis he conducted on the drugs seized in this case.  Mr. Echevarria testified that he received three packages of drugs, two vacuum sealed plastic bags and a small plastic baggie.  (Doc. 128 at 119.)  This was consistent with Mr. Joyner's description of the drugs law enforcement seized from him at the time of his arrest.  Mr. Echevarria identified Government's exhibit 9 as the original heat sealed envelope that he received along with the request for the analysis of the contents and for the removal of the original package for fingerprint analysis.  (*Id*. at 118.)  He testified that Government's exhibit 10 was the package he created when he removed the original packaging in Government's exhibit 9 for fingerprint analysis.  (*Id*.)

Anna Zadow, a senior fingerprint specialist employed by the DEA testified that she was asked to analyze Government's exhibit 10.  She described the contents of this exhibit as four FoodSaver bags and one plastic bag.  (Doc. 128 at 131.)  Ms. Zadow

testified that two of the larger bags had detectable cocaine residue on them, and two did not.  (*Id*. at 133.)  She was able to identify a single fingerprint belonging to Defendant on one of the bags that did not contain residue.  (*Id*. at 138.)

Defendant now contends that counsel should have moved to "suppress" this evidence because the chain of custody was somehow broken if the three bags initially seized "turned into" the five bags contained in Government's exhibit 10.  Defendant misreads the record and misapprehends the meaning of the Fourth Amendment.  Mr. Echevarria's testimony does not foreclose the possibility that the FoodSaver bags were double bagged.  He consistently refers to "original packaging" and makes no effort to describe the packaging.  (Doc. 128 at 119, 123.)  Furthermore, this witness's focus was on the weight and identity of the contents of the three packages, rather than the packaging material itself.  And it is not unreasonable to conclude that something as valuable as a half kilogram of cocaine would be double bagged.   More significantly, this issue would have been appropriate for argument, but would not have presented a viable basis for a motion to suppress based on an alleged Fourth Amendment violation.  Accordingly, counsel's performance was not constitutionally deficient, and Defendant is not entitled to relief.

## CONCLUSION

For all of the foregoing reasons, the court finds that Defendant has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (Doc. 140) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 15th day of April, 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 1:10cr5/MCR/GRJ; 1:12cv268/MCR/GRJ